IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE FORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1454 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Robert Lee Ford, an inmate of the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and the available state court records, the court will dismiss Ford's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

**I. Procedural History and Claims**

After entering a guilty plea, Ford was convicted of being a felon in possession of a firearm and of possession of cocaine. The state district court sentenced Ford to twenty-five years in prison. State v. Ford, No. 294884-272-A (272nd Dist. Ct., Brazos County, Tex., Sept. 13, 2002). No appeal was filed.

Ford filed a state application for a writ of habeas corpus on June 22, 2004. The application was forwarded to the Texas Court of Criminal Appeals, which denied it without a written order, based on

the trial court's findings, on December 15, 2004.  Ex parte Ford, No. 60,541-01.  See Court of Criminal Appeals website (http://www.cca.courts.state.tx.us).

The pending federal petition is considered filed on April 21, 2005, the date of Ford's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to this court.  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Ford raises the following claims in his petition:

1. The indictment was void, and the trial court did not have jurisdiction to hear the cause.

2. The State failed to give proper notice that it would seek an enhanced penalty.

3. Ford was denied effective assistance of trial counsel.

4. Ford's guilty plea was involuntary because the State breached the plea agreement.

## II.  One-Year Statute of Limitations

Ford's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it. See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Ford did not appeal after entering his guilty plea on September 13, 2002. Therefore, the conviction became final on October 14, 2002,[1] the last day he could have filed a notice of appeal. TEX. R. APP. P. 26.2 (West 2002) (appeal must be filed

---

[1] October 13, 2002, which was thirty days after the trial court entered its judgment, fell on a Sunday. Therefore, Ford had until Monday, October 14, 2002, to file an appeal. See TEX. R. APP. P. 4.1.

-3-

within thirty days of judgment). See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197. Pursuant to the AEDPA, Ford had one year from that date to file a federal habeas petition. See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004). In the alternative, Ford needed to file a state habeas application within the one-year period in order to toll limitations. Flanagan, 154 F.3d at 199 n.1.

As noted above, Ford filed a state habeas application on June 22, 2004, one year and eight months after his conviction became final. Consequently, the application did not toll the one-year limitation period because it was filed well beyond the period's expiration date. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Ford's federal petition for a writ of habeas corpus was filed on April 21, 2005, or more than two years and six months after his conviction became final. Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). There is no indication that Ford was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate of the claims that could not have been discovered before the conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this action is subject to dismissal because it is untimely.

### III.  Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Ford has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a certificate of appealability from this decision will not be issued.

## IV. Conclusion

Accordingly, the court **ORDERS** the following:

1.  This petition for a writ of habeas corpus is **DISMISSED with prejudice** because it is untimely. 28 U.S.C. § 2244(d).

2.  A certificate of appealability is **DENIED**.

3.  The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 15th day of July, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE